IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNA CALKINS,

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Civ. No. 3:13-cv-02323-CL

REPORT
& RECOMMENDATION

MARK D. CLARKE, Magistrate Judge.

Plaintiff Ronna Calkins ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, it should be **AFFIRMED**.

BACKGROUND

Plaintiff was born on July 5, 1969. Tr. 73. She has never been employed. Tr. 39. On June 3, 2010, Plaintiff filed an application for SSI alleging disability since November 1, 2000 due to

Page 1 – Report & Recommendation

slipped disks, ankle and neck problems, a learning disability, memory issues, and "right hand below thumb swells[.]" Tr. 18; 73; 79. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 18. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on July 13, 2012. Tr. 18. On August 20, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 15. The Appeals Counsel denied Plaintiff's request for review, rendering the ALJ's denial the final decision of the Commissioner Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.

    20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

  The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

Page 3 – Report & Recommendation

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 20. At step two, the ALJ found Plaintiff suffered from severe impairments: mild cervical lordosis, mild degenerative disc disease of the lumbar spine, enchondroma of humerus resulting in mild tendinopathy, and mild bursitis with a learning disorder. Tr. 20. At step three, the ALJ found, considered singly and in combination, Plaintiff's impairments did not meet or medically equal the severity of any listed impairments. Tr. 23.

Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). Tr. 23. He determined she could perform light work with the following limitations: no more than simple, routine, repetitive type work; no overhead lifting with the right upper extremity; and no more than occasional interaction with the general public in the performance of work tasks. Tr. 23. At step four, the ALJ found that Plaintiff had no past relevant work and, thus, that the transferability of her job skills was not at issue. Tr. 25. Considering Plaintiff's age, education, experience, and RFC, the ALJ determined Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including products sorter, small products assembly, and

laundry folder. Tr. 25-26. Therefore, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, since the date of her application. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn*, 495 F.3d at 630; *see also Bray*, 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

/ / /

/ / /

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) rejecting an examining psychologist's opinion, (2) failing to consider a letter from Plaintiff's treating mental health counselor, and (3) overlooking Plaintiff's obesity. Moreover, Plaintiff asserts the Appeals Council failed to consider the opinion of an examining psychologist. The Court considers each allegation of error in turn.

### I.     The ALJ Validly Discounted an Examining Psychologist's Opinion.

Plaintiff argues the ALJ improperly rejected the opinion of an examining psychologist. An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Plaintiff appears to concede that the psychologist's opinion was contradicted by invoking the lower "specific" and "legitimate" standard. This aligns with the ALJ's statement the only consistent theme of Plaintiff's extensive health records is their inconsistency. Tr. 22. The ALJ noted that Plaintiffs' test results do not support one another and that her answers to providers' questions varied widely. Tr. 22.

Plaintiff specifically challenges just one of the ALJ's stated reasons for assigning little weight to psychologist's opinion. She states the ALJ mistakenly believed it was unsigned. However, the version of the medical report in the record before the ALJ was, in fact, unsigned. Tr. 632. On October 17, 2012 — almost two months after the ALJ issued his denial — Plaintiff's counsel sent the Commissioner a signed version. Tr. 640; 659.

In any event, the ALJ offered other valid, uncontested reasons for discounting the opinion. First, an ALJ may properly reject a physician's opinion premised on a claimant's

subjective complaints that the ALJ has validly discredited. *Fair v. Bowen*, 885 F.2d, 597, 605 (9th Cir. 1989). Here, the ALJ found Plaintiff to be not credible. Tr. 24. Plaintiff does not dispute this determination. Because the medical opinion relied extensively on Plaintiff's self-reports, the ALJ gave it little weight. Tr. 21 ("Based entirely on the claimant's anecdotal allegations"). This constitutes a specific, legitimate reason for rejecting the medical opinion. *Id.* Second, the ALJ noted that the report stated "[w]ith respect to cognitive functioning, [Plaintiff's] profile was inconclusive due to inconsistent patterns of responding." Tr. 21; 631. Thus, the provider himself stipulated that his assessment of Plaintiff's cognitive abilities was not due substantial weight. Plaintiff does not dispute the propriety of the ALJ's decision to heed the psychologist's concession. It was legitimate to discount the portions of the opinion that were explicitly inconclusive. Because Plaintiff's medical records conflict and the ALJ gave legitimate, specific, and undisputed reasons for assigning little weight to the examining psychologist's opinion, the Court should uphold the ALJ's decision.

## II.    The ALJ's Failure to Address a Provider's Letter Constituted Harmless Error.

Plaintiff asserts the ALJ's decision should be reversed because it does not consider a letter from Plaintiff's treating mental health counselor. The Commissioner concedes that the ALJ did not address the letter specifically but calls this omission harmless error. The Ninth Circuit adheres to the "general principle that an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination" and instructs courts to "look at the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal citations and quotations omitted). In *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054-56 (9th Cir. 2006), the Ninth Circuit determined an ALJ's failure to consider lay testimony was not harmless because the testimony identified limitations not

Page 7 – Report & Recommendation

otherwise considered by the ALJ, was uncontradicted, and was highly probative. *Molina*, 674 F.3d at 1116. In *Molina*, 674 F.3d at 1122, the Ninth Circuit found an ALJ's error in failing to discuss testimony was harmless because the testimony served only to reiterate limitations that the ALJ had properly assessed.

Here, the ALJ's failure to set forth reasons for rejecting the counselor's letter is inconsequential to the ultimate non-disability determination. The letter summarizes Plaintiffs' self-reports, test results, and assessments on file with the Native American Rehabilitation Association of the Northwest ("NARA"). Tr. 610-12 ("[Plaintiff] was given a battery of psychological tests by NARA faculty . . .[;]" "Dr. Nicole Balla at NARA administered the WAIS IV to [Plaintiff], and reported . . .[;] "According to Dr. Baila's report . . ."). Though the ALJ's decision does not address the letter, it discusses the underlying medical reports at length and ultimately assigns them little weight. Tr. 20-22. Plaintiff does not challenge the ALJ's treatment of these records. Because the ALJ validly assessed the reports forming the basis of letter, the Court is confident that the ALJ's failure to offer specific reasons for rejecting the letter did not affect the outcome of Plaintiffs' application. Accordingly, the Court should find the Commissioner's omission constituted harmless error.

### III.  There is No Evidence the ALJ Failed to Account for the Effects of Obesity.

Plaintiff argues that the ALJ erroneously failed to consider Plaintiff's obesity throughout the sequential disability analysis. Under the Social Security Rules, obesity qualifies as a step two "severe" impairment when, alone or in combination with other impairments, it significantly limits an individual's ability to perform basic work activities. *Titles II & XVI: Evaluation of Obesity*, SSR 02-1P, at *4 (S.S.A. Sept. 12, 2002). Here, the ALJ did not find Plaintiff's obesity was a "severe" impairment. Tr. 20 ("The claimant has severe impairments of mild cervical

lordosis, mild degenerative disc disease of the lumbar spine, enchondroma of humerus resulting in mild tendinopathy, and mild bursitis with a learning disorder."). The Court will assume without decided that this omission constituted legal error and assess whether it prejudiced Plaintiff in the ALJ's ensuing analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) ("Assuming without deciding that [the ALJ's omission of obesity as a severe impairment] constituted legal error, it could only have prejudiced [the claimant] in step three (listing impairment determination) or step five (RFC) because the other steps, including this one, were resolved in her favor.").

At step three, "[o]besity may be a factor in both the 'meets' and 'equals' determinations." *Titles II & XVI: Evaluation of Obesity*, SSR 02-1P, at *5 (S.S.A. Sept. 12, 2002). For example, obesity may aggravate co-existing impairments or be deemed medically equivalent to a listed impairment. *Id.* The Social Security Rules caution against ALJs making assumptions about obesity's severity or functional effects and instruct ALJs to "evaluate each case based on the information in the case record." *Id.* at *6. Here, Plaintiff contends the ALJ committed reversible error when he failed to consider her obesity in determining whether she met or equaled a listing impairment. However, Plaintiff does not specify which listing she believes would have been established. Nor does she point to any evidence on the record of functional limitations arising from her obesity. Accordingly, it is unclear what, if any, physical limitations related to obesity are inconsistent with the ALJ's analysis. Because there is no evidence of how Plaintiff's obesity limited her functioning or exacerbated her condition, the Court should find the ALJ did not commit reversible error by failing to consider obesity at step three. *See Burch*, 400 F.3d at 683 (concluding ALJ did not commit reversible error by failing to consider the claimant's obesity

where the claimant produced no evidence that functional limitations due to obesity would have impacted the disability analysis).

In assessing RFC, the Social Security Rules state an ALJ should consider how obesity affects a claimant's functional limitations. *Titles II & XVI: Evaluation of Obesity*, SSR 02-1P, at *5 (S.S.A. Sept. 12, 2002). Again, Plaintiff has not identified any evidence that her obesity impacted her abilities. The ALJ cannot be faulted for failing to incorporate a limitation into his RFC analysis that was not apparent on the record and is still not clear on appeal. Because Plaintiff has not established that the ALJ overlooked any effects of obesity or otherwise failed to follow the Social Security Rules regarding obesity, Plaintiff's request for reversal on that basis should be denied.

## IV. The Court Does Not Have Jurisdiction to Review the Action of the Appeals Council.

Plaintiff presented new evidence, including a medical report dated April 2013, to the Appeals Council along with her request for review. The Council declined to review the ALJ's decision. Tr. 1. In doing so, it noted the newly proffered medical report related to a "later time" and did not affect the ALJ's disability determination. Tr. 2. The Council did not incorporate the report into the administrative record. Tr. 2:6. Plaintiff now argues the Appeals Council erred in failing to consider the new evidence. However, this Court does not have jurisdiction to review the action of the Appeals Council because it was not a final decision by the agency. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) ("We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an

/ / /

/ / /

ALJ's decision, because the Appeals Council decision is a non-final agency action."). Accordingly, Plaintiff's challenge is not properly before this Court on appeal.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's final decision should be **AFFIRMED**.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 12 day of January 2015.

_____
MARK D. CLARKE
United States Magistrate Judge