IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNA CALKINS,

        Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

No. 3:13-cv-2323-CL

**ORDER**

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke has filed a Report and Recommendation (R&R), and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Because Plaintiff objects to the R&R, I review this matter de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

    Plaintiff argues that the Commissioner erred in failing to consider a psychological report Plaintiff submitted to the Appeals Council. The psychological report was based on an examination of

1 - ORDER

Plaintiff conducted after the ALJ's decision. In declining to open the record to consider the new report, the Appeals Council stated,

> We also looked at the evidence from Scott T. Avlrod, Psy. D., dated April 2013. The Administrative Law Judge decided your case through August 20, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before August 20, 2012.

Tr. 2. The Appeals Council declined to review the ALJ's decision, which made the ALJ's decision the final decision of the Commissioner. Although the psychological report is not in the administrative record, Plaintiff has submitted a copy of the report with her opening brief. ECF No. 17-1.

Judge Robert E. Jones recently addressed this issue. See Barrington v. Colvin, No. 1:13-cv-1512-JO, 2014 WL 5342371, at *8 (D. Or. 2014). In Barrington, as here, "the Appeals Council declined to consider the evidence created after the ALJ's decision because it did not relate to the period under review by the ALJ." Id. Judge Jones concluded this court lacked jurisdiction to review the action of the Appeals Council "because it was not a final decision of the agency." Id. Judge Jones distinguished Brewes v. Commissioner, 682 F.3d 1157 (9th Cir. 2012), cited by Plaintiff here, because Brewes dealt with "evidence produced after the ALJ's decision that was considered by the Appeals Council and made part of the administrative record." Barrington, at *8. Here, as in Barrington, the Appeals Council did not consider the new report and did not make it part of the record. I conclude that the R&R is correct that this court lacks jurisdiction to

2 - ORDER

review the action of the Appeals Council.

Even if this court had jurisdiction to review the Appeals Council's action, I would conclude that the Appeals Council correctly excluded the new psychological report. I agree with the R&R that the Commissioner's decision to deny benefits is supported by substantial evidence.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#20) is adopted. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this 5 day of March, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER